TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Dylan Nelson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Dylan Nelson,<br><br>   Plaintiff,<br><br> vs.<br><br>D. Scott Carruthers and Associates, LLC.,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dylan Nelson (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against D. Scott Carruthers and Associates, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Long Beach, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Stanton, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. Within the last year, Defendant contacted Plaintiff in an attempt to collect a debt.

13. In July of 2016, Defendant called Plaintiff at his place of employment.

14. During a live conversation with Defendant's agent named Kathy, Plaintiff requested that Defendant cease calling his workplace.

15. Despite Plaintiff's unequivocal request, Defendant continued to call Plaintiff at his workplace at an excessive and harassing rate.

16. In addition, on or about August 31, 2016, Defendant's agent (Kathy) called Plaintiff on his cellular telephone.

17. During the live conversation that ensued, Defendant stated, "If you don't pay by the end of the day, we are going to bump up the amount you owe from $13,000 to $25,000."

18. Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety and frustration.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

21. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

22. Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23. Defendant communicated with Plaintiff at his place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

24. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

26. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

32. Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

33. Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

34. Defendant represented to Plaintiff that additional fees or charges would be added to the alleged consumer debt when no legal basis existed to add such fees or charges, in violation of Cal. Civ. Code § 1788.13(e).

35. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

36. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 21, 2017                TRINETTE G. KENT

By: ___/s/   *Trinette G. Kent*___
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Dylan Nelson

7

COMPLAINT FOR DAMAGES